**STATE OF WEST VIRGINIA**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: P.F., C.F.-1, L.F., and J.F.

No. 17-0474 (Randolph County 16-JA-051, 16-JA-052, 16-JA-053, & 16-JA-054)

## MEMORANDUM DECISION

Petitioner Father C.F.-2, by counsel David C. Fuellhart, appeals the Circuit Court of Randolph County's April 10, 2017, order terminating his parental rights to P.F., C.F.-1, L.F., and J.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his post-adjudicatory improvement period, denying his motion for a post-dispositional improvement period, and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that his home had no working utilities, little food, and, due to non-payment of rent, the landlord was seeking eviction. The DHHR also alleged that petitioner locked the refrigerator to prevent the children from "wasting" food. Further, the DHHR alleged that petitioner had a history of alcoholism and the children reported observing their parents snort pills and smoke methamphetamine. Petitioner's drug use was alleged to have affected his ability to maintain employment and supervise and parent his children. Petitioner waived his preliminary hearing and the circuit court ordered that he attend supervised visits with the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one child and petitioner share the same initials, we will refer to them as C.F.-1 and C.F.-2, respectively, throughout this memorandum decision.

In July of 2016, the DHHR filed an amended petition alleging petitioner's failure to follow through with medical treatment for C.F.-1 at the WVU Eye Institute, and failure to ensure that C.F.-1 and P.F. wore their corrective lenses as directed. According to the DHHR, medical records indicated that C.F.-1 and P.F. were seen at the WVU Eye Institute in 2014 and were instructed to wear corrective lenses at all times when they were awake. The instructions also directed the family to return for a follow up appointment for C.F.-1 in six months, but that appointment was not kept. Also in July of 2016, the circuit court held an adjudicatory hearing wherein petitioner filed a motion for a post-adjudicatory improvement period. Petitioner stipulated that he failed to supply adequate shelter for his children and that he abused drugs which affected his ability to parent the children. The circuit court granted petitioner's motion for a post-adjudicatory improvement period.

In September of 2016, the circuit court held a review hearing. The circuit court found that petitioner had been participating in his improvement period and ordered the improvement period to continue. In November of 2016, the circuit court held a review hearing to evaluate petitioner's improvement period. The circuit court extended petitioner's improvement period for an additional ninety days. In January of 2017, the circuit court held a review hearing. A Child Protective Services ("CPS") worker advised the circuit court that petitioner's supervised visits and parenting classes had been ended due to his non-compliance and that petitioner had a positive screen for methamphetamine in December of 2016.

In February of 2017, the circuit court held a review hearing. The DHHR presented testimony that petitioner complied with some terms and conditions of his improvement period, such as obtaining housing and employment, but did not comply with several other terms. The DHHR also presented evidence that petitioner had positive drug screens in December of 2016, January of 2017, and February of 2017. A CPS worker testified that petitioner's attendance at visits had become inconsistent beginning in November of 2016. The circuit court specifically found that in the six months prior to the hearing, petitioner had missed more visits, parenting and adult life skills classes, and drug screens than he had participated in, and had a positive drug screen within the past month, indicating that petitioner had made no effort to stop using drugs. Petitioner did not offer any testimony that he sought any type of drug treatment or counseling. The circuit court terminated petitioner's post-adjudicatory improvement period for non-compliance with its terms and conditions. Nevertheless, the circuit court allowed petitioner to attend visits with the children until disposition.

The DHHR filed its motion to terminate petitioner's parental rights, and on March 27, 2017, the circuit court held a dispositional hearing at which petitioner moved for a post-dispositional improvement period. During the hearing, petitioner testified that he would be willing to comply with the terms and conditions of an improvement period, but also admitted to using methamphetamine after the February 22, 2017, hearing wherein the circuit court found he failed to successfully complete his improvement period. The circuit court denied petitioner's motion for a post-dispositional improvement period and found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court found that termination of petitioner's parental rights was consistent with the best interest of the children and ultimately denied petitioner's motion for a post-dispositional

2

improvement period and terminated his parental rights in its April 10, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

First, petitioner argues that the circuit court erred in terminating his post-adjudicatory improvement period because he substantially complied with the terms of the improvement period and obtained housing and employment. We disagree. Under West Virginia Code § 49-4-610(7) "the court shall terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to fully participate in the terms of the improvement period[.]" Although petitioner obtained housing and employment, he failed to attend visits with the children and failed to participate in parenting and adult life skills services. Further, petitioner failed to take consistent drug screens and tested positive for methamphetamine in December of 2016, and in January and February of 2017. This evidence shows that petitioner did not fully comply with the terms of his improvement period and, therefore, the circuit court did not err in terminating his post-adjudicatory improvement period.

Next, petitioner argues that he should have been granted a post-dispositional improvement period because he substantially complied with his post-adjudicatory improvement period. However, as stated above, petitioner did not substantially comply with his post-adjudicatory improvement period. In order to obtain a post-dispositional improvement period, West Virginia Code § 49-4-610(3)(B) requires that the parent "demonstrates, by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338,

---

[2]Both parents' parental rights were terminated below. According to the guardian and the DHHR, the children are placed in the custody of the paternal uncle with a goal of adoption in that home.

345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). Additionally, under West Virginia Code § 49-4-610(3)(D), if a parent has experienced a substantial change in circumstances since the initial improvement period, the parent "shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period."

Here, petitioner does not assert that he has had a substantial change in circumstances since the termination of his post-adjudicatory improvement period. Petitioner also failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of a post-dispositional improvement period because his post-adjudicatory improvement period was terminated for failure to comply with its terms and conditions. As discussed above, petitioner failed to attend visits with the children, failed to comply with consistent drug screens, and tested positive for methamphetamine multiple times throughout the proceedings. Based on this evidence, petitioner did not prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of a post-dispositional improvement period and, therefore, the circuit court did not err in denying petitioner's motion for a post-dispositional improvement period.

Finally, petitioner argues that the circuit court erred in terminating his parental rights. Petitioner asserts that the circuit court should have considered a less-restrictive alternative. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, petitioner failed to attend visits and comply with services, including parenting classes and consistent drug screens. Additionally, petitioner tested positive for methamphetamine during the proceedings below and did not seek any drug treatment or counseling. Moreover, the circuit court also found that termination was

4

necessary for the child's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 10, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker